O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. LASTER,<br><br>        Petitioner,<br><br>    v.<br><br>E. VALENZUELA, WARDEN,<br><br>        Respondent. | Case No. CV 12-10105-VBF (OP)<br><br>MEMORANDUM AND ORDER RE: DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS (28 U.S.C. § 2254) AS SUCCESSIVE |

## I.
## INTRODUCTION

On November 27, 2012, Michael J. Laster ("Petitioner") filed the current Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (ECF No. 1.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the current Petition and finds that it plainly appears from its face that Petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as second and successive.

/ / /

## II.
## PROCEDURAL HISTORY

On August 3, 2007, Petitioner was convicted after a jury trial in the Los Angeles County Superior Court of driving under the influence of alcohol or drugs (Cal. Vehicle Code § 23152(a)).  (Clerk's Transcript ("CT") at 188.[1])  Petitioner also pled no contest to driving with a suspended license (Cal. Vehicle Code 14601.2(a)).  (CT at 118.)  On March 11, 2008, the trial court found that Petitioner had two prior convictions under the Three Strikes Law (Cal. Penal Code §§ 667 (b)-(i) and 1170.12 (a)-(d)) and two prior state prison terms (Cal. Penal Code § 667.5(b)).  (CT at 334-35.)  On March 11, 2008, Petitioner was sentenced to a total state prison term of twenty-five years to life.  (Id. at 335-38.)

Petitioner appealed the conviction to the California Court of Appeal.  (Lodgment 3.)  On October 19, 2009, the court of appeal ordered the judgment modified to add presentence custody credits but otherwise affirmed the judgment.  (Lodgment 6.)

Petitioner then filed a petition for review in the California Supreme Court.  (Lodgment 7.)  On February 3, 2010, the supreme court denied the petition.  (Lodgment 8.)

On January 20, 2010, Petitioner filed a habeas petition in the California Supreme Court, case number S180210.  (Lodgment 9.)  On August 11, 2010, the supreme court denied the petition with a citation to In re Waltreus, 62 Cal. 2d 218 (1965).

On June 20, 2011, Petitioner filed another habeas petition in the California Supreme Court, case number S194151, which was subsequently denied.  (ECF No.

---

[1] Unless otherwise noted, all references to Reporter's Transcripts, Clerk's Transcripts, and Lodgments are from Petitioner's previous § 2254 petition, case number CV-10-7380-VBF (OP).

29 at 2, Ex.)

On October 1, 2010, Petitioner filed his first § 2254 petition in this District. (CV 10-7380-VBF (OP) ECF No. 1.) On May 24, 2011, the Court ordered filed Petitioner's First Amended Petition ("FAP"). (Id. ECF No. 22.) On November 17, 2011, Judgment was entered denying the FAP and dismissing the action with prejudice. (Id. ECF No. 34.) On November 21, 2011, an Order was entered denying the issuance of a certificate of appealability. (Id. ECF No. 35.)

Petitioner has sought further habeas relief in the California Supreme Court, case number S204590. On October 17, 2012, the supreme court denied the petition. (Pet. at 3, 4; Official Records of California Courts.[2])

## III.

## DISCUSSION

### A.   Standard of Review.

This Court may entertain a habeas application on behalf of a person who is in custody pursuant to a state court judgment and in violation of the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 2254(a). The Court need neither grant the writ nor order a return if it appears from the application that the applicant is not entitled to relief. See 28 U.S.C. § 2243. "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, 28 U.S.C. foll. § 2254; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary dismissal is appropriate

---

[2] The Court takes judicial notice of the state appellate court records for Petitioner's cases, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false).

Title 28 U.S.C. § 2244 is entitled "Finality of determination" and provides in pertinent part that:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

Generally speaking, a petition is second or successive if it raises claims that

were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Moreover, although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal of a habeas petition as time barred under 28 U.S.C. § 2244(d)(1) constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)); Reyes v. Vaughn, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

As set forth above, before a second or successive application permitted under 28 U.S.C. § 2244 is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Furthermore, "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." 28 U.S.C. § 2244(b)(4); see also Cooper, 274 F.3d at 1274 (once petition recognized as "second or successive" under § 2244(b), district court lacks jurisdiction to consider petition absent authorization from court of appeals) (citations omitted).

**B.     Analysis.**

It appears from the face of the Petition that Petitioner is challenging the same August 3, 2007, conviction in the Los Angeles County Superior Court for driving under the influence of alcohol or drugs. On March 11, 2008, he was sentenced under the Three Strikes Law to a total state prison term of twenty-five years to life. (Pet. at 2.) Since the current Petition is successive, Petitioner must seek an order from the Ninth Circuit Court of Appeals authorizing this Court to consider the Petition. 28 U.S.C. § 2244(b)(3)(A). This Court finds no indication

that Petitioner has obtained such approval prior to the filing of the current Petition. Thus, this Court lacks jurisdiction to address the merits of the Petition. See 28 U.S.C. § 2244(b)(3); Cooper, 274 F.3d at 1274 (stating that failure to request the requisite authorization to file a second or successive § 2254 petition from the circuit court deprives the district court of jurisdiction).

## IV.
## ORDER

IT IS THEREFORE ORDERED that the Petition is hereby dismissed without prejudice as successive, and Judgment shall be entered accordingly.

The Deputy Clerk of the Court is directed to send Petitioner a copy of this Order.

DATED December 14, 2012

HON. VALERIE BAKER FAIRBANK
United States District Judge

Presented by:

HONORABLE OSWALD PARADA
United States Magistrate Judge